**NOT FOR PUBLICATION**                                                    **CLOSED**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARYBETH MORAN, | Civil Action No.: 11-2802 (JLL) |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| NORTHWEST ESSEX COMMUNITY HEALTHCARE NETWORK, INC., et al., | |
| Defendants. | |

This matter comes before the Court by way of a joint motion filed by Defendants Northwest Essex Community Healthcare Network, Inc. and Elizabeth Callahan ("Defendants") to dismiss Plaintiff Marybeth Moran ("Plaintiff")'s Second Amended Complaint ("Complaint") for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). [Docket Entry No. 23]. Plaintiff filed her original complaint before this Court on May 16, 2011. [Docket Entry No. 1]. On June 27, 2011, Defendants filed a motion for a more definite statement under Fed. R. Civ. P. 12(e), alleging that Plaintiff's Complaint was so vague that they could not reasonably prepare a response. [Docket Entry No. 6]. On August 16, 2011, Plaintiff filed an amended complaint. [Docket Entry No. 10]. Defendants filed a motion to dismiss that complaint on September 19, 2011, and on January 5, 2012, this Court granted Defendants' motion without prejudice, allowing Plaintiff "one final opportunity to amend." [Docket Entry Nos. 14, 20]. Plaintiff filed her Second Amended Complaint on January 27, 2012. [Docket Entry No. 22]. On February 16, 2012, Defendants filed the instant Motion to Dismiss. [Docket Entry No. 23].

## I. LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted

as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plausibility standard is not akin to a "'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully"; mere consistency with liability is insufficient. Id. In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949. The burden of proof for showing that no claim has been stated is on the moving party. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005)(citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)). During a Court's threshold review, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." In re Rockefeller Ctr. Props., Inc., 311 F.3d 198, 215 (3d Cir. 2002). In accordance with the adoption of the new Iqbal standard by the Supreme Court, the Third Circuit held that the "no set of facts" standard set forth in Conley v. Gibson, 33 U.S. 41, 45-46 (1957) no longer applied to federal complaints. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). With this framework in mind, the Court turns now to Defendant's motion.

## II. DISCUSSION

### 1. Plaintiff's Family and Medical Leave Act ("FMLA") Claim

The Court finds that Plaintiff has again failed to provide any details that demonstrate her

entitlement to relief under the Family Medical Leave Act ("FMLA") on the basis of an "interference/entitlement" theory or a "discrimination/retaliation" theory. To show that Defendants interfered with, restrained or denied the exercise of or the attempt to exercise Plaintiff's rights provided under the FMLA, Plaintiff must only show that she was entitled to benefits under the FMLA and that she was denied them. 29 U.S.C. §§ 2612(a), 2614(a); Callison v. City of Philadelphia, 430 F.3d 117, 119 (3d Cir. 2005). To establish a prima facie FMLA discrimination or retaliation claim, she would need to show that: (1) she engaged in protected activity by taking FMLA leave; (2) she suffered an adverse employment decision; and (3) the adverse decision was causally related to her leave. See, e.g., Conoshenti v. Public Serv. Elec. & Gas Co., 364 F.3d 135, 146 (3d Cir. 2004). Plaintiff has failed to provide sufficient facts demonstrating an FMLA claim under either theory.

First, while the Court accepts as true the allegations as asserted in Plaintiff's Complaint, there are no facts stated therein which support a contention that Plaintiff was denied FMLA benefits under an interference theory. Rather, the Complaint lists dates upon which Plaintiff was absent from work, but fails to make any allegations at all that Plaintiff requested leave protected under the FMLA and Defendants denied her request. (Compl., ¶ 25).

Second, Plaintiff fails to provide facts supporting any of the elements of a discrimination or retaliation claim. While the Complaint asserts that Plaintiff was absent from work for twenty-two days "due to her described and diagnosed medical condition," at no point in the Complaint does Plaintiff state that her absence from work was for a FMLA-qualifying reason for which Plaintiff provided notice, that her absences were designated as FMLA qualifying, or that Plaintiff made attempts to designate it as such. (Id.); see 29 C.F.R. § 825.301 (designation of FMLA

leave requirements); 29 C.F.R. § 825.302-303 (employee notice requirements for foreseeable and unforeseeable FMLA leave); 29 C.F.R. § 825.304 (employee failure to provide notice). Therefore, Plaintiff fails to provide any facts indicating that she engaged in protected activity by taking FMLA leave. Further, Plaintiff does not allege sufficient facts demonstrating that she suffered an adverse employment decision. Plaintiff lists a series of encounters with Defendants, including: denials of requests for resources and supplies for her classroom; a request for removal of photographs inside her classroom; an order that all teachers act as moderators in school clubs; direction to change the disposition of student evaluations and records; alteration of her personnel file; interference with her contract with Bloomfield public schools; leaving "unconstructive comments" on her performance reports and requesting her to revise her reports to correct minor grammatical issues; and not receiving a raise for three years even though "others employed by the Defendant School were paid for jobs they did not perform." (Compl., ¶¶ 15, 16, 18, 19). The only incident for which a temporal framework is provided is the removal of Plaintiff's photographs of her former students prior to Back to School Night on September 28, 2010. (Id., ¶ 15). The other incidents listed part give no indication as to when they occurred and why they constitute "adverse" action rising to the level of an FMLA violation. The purported denial of raises also is alleged with no time frame from which the Court could infer that such denials occurred subsequent to her twenty-two days of absence. As such, Plaintiff fails to allege facts indicating that the adverse decision or decisions, if any, was or were causally related to her leave. This Court was clear in its prior Opinion and Order that Plaintiff failed to provide dates or time lines. (Jan. 5, 2012 Opinion, at 2). Plaintiff has failed to amend her Complaint to rectify the pleading deficiencies clearly stated in that Opinion. Therefore, the Court dismisses Plaintiff's

FMLA claim with prejudice.

2. Plaintiff's State Law Claims

Plaintiff asserts three state law claims in her Second Amended Complaint: (1) a New Jersey Conscientious Employee Protection Act ("CEPA") claim; (2) a New Jersey Law Against Discrimination ("NJLAD") claim; and (3) New Jersey common law claims. (Compl., ¶¶ 34-56). Having dismissed Plaintiff's federal claim as asserted in Count One of Plaintiff's Complaint, this Court declines to exercise supplemental jurisdiction over the remaining New Jersey state law claims asserted in Counts II, III and IV. Judicial economy dictates that there is no significant interest served by keeping this matter in federal court. 28 U.S.C. § 1367; Growth Horizons, inc. v. Delaware County, Pa., 983 F.2d 1277, 1284-85 (3d Cir. 1993).

For the reasons set forth above, it is accordingly

On this 18 day of April, 2012,

**ORDERED** that Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Second Amended Complaint is **DISMISSED** with prejudice; and it is further

**ORDERED** that the Clerk of the Court shall close the file in this matter.

**IT IS SO ORDERED.**

Jose L. Linares
United States District Judge